42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar FLORES-LOMELI, Defendant-Appellant.
 No. 94-50024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Dec. 7, 1994.
 
 1
 Before: FLETCHER, FERNANDEZ Circuit Judges, and SEDWICK,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Cesar Flores-Lomeli appeals his conviction following his entrance of a guilty plea for illegal reentry into the United States after conviction of an aggravated felony in violation of 8 U.S.C. Sec. 1326(a), b(1), and b(2). He seeks reversal of the district court's refusal to vacate his guilty plea, claiming that he was not fully advised of possible defenses available to him. He claims the "found in the United States" language of the statute is unconstitutionally vague and that his prior state convictions for distribution of marijuana do not constitute "aggravated felonies." We affirm.
 
 
 4
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. This court has jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742.
 
 
 5
 We review a district court's determination that a statute is not unconstitutionally vague de novo. United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993). Because Flores-Lomeli's vagueness challenge does not implicate any First Amendment interest, he must show that the statute is vague as applied to him. United States v. Davis, 15 F.3d 902, 911 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3151 (U.S. Aug. 16, 1994) (No. 94-295).
 
 
 6
 A district court's decision to deny a motino for withdrawal of a guilty plea is reviewed for an abuse of discretion. United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991).
 
 I.
 
 7
 At oral argument Flores-Lomeli conceded that United States v. Ayala, No. 93-50771, 1994 WL 484954 (9th Cir. Sep. 9, 1994), holds that the phrase "found in, the United States" is not void for vagueness. Ayala, which holds that 8 U.S.C. Sec. 1326(a) is not unconstitutionally vague, controls here.
 
 II.
 
 8
 Flores-Lomeli argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea. He contends that a violation of section 11352 of the California Health and Safety Code does not constitute an aggravated felony for purposes of Sec. 1362(b)(2).
 
 
 9
 United States v. Lomas, 30 F.3d 1191, 1195 (9th Cir.1994), held a violation of section 11352(a) of the California Health and Safety Code constitutes an aggravated felony. See also United States v. Arzate-Nunez, 18 F.3d 730, 736 (9th Cir.1994) (upholding a conviction under Sec. 1326(b)(2) based on a prior conviction under Cal.Health & Safety Code Sec. 11352(a)). Lomas is directly on point, making clear that the defendant had no basis to claim that he should have been advised that he could challenge the characterization of his prior convictions as "aggravated felonies".
 
 
 10
 A guilty plea in open court that fully complies with Rule 11 carries "a strong presumption of veracity." United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984). At his change of plea hearing, Flores-Lomeli specifically pleaded guilty to a charge of illegal reentry following deportation with aggravated felonies. He also acknowledged he understood the maximum penalty was fifteen years under section 1326(b)(2). Flores-Lomeli stated that his guilty plea was voluntary and intelligent. We find the district judge's Rule 11 inquiry was exhaustive, thorough, and fair. There was no failure to advise him of viable defenses.
 
 
 11
 The district court did not abuse its discretion in denying his motion to withdraw his guilty plea.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3