91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Cervantes MARTINEZ, Defendant-Appellant.
 No. 95-55848.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Cervantes Martinez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence following his guilty plea conviction for being a deported alien with aggravated felonies in violation of 8 U.S.C. § 1326(a), (b)(1) and (b)(2). He contends that: (1) 8 U.S.C. § 1326 is unconstitutionally vague; (2) the sentencing court's application of the 1991 Sentencing Guidelines resulted in an ex-post facto violation; and (3) the district court erred by denying his section 2255 motion without first giving him an opportunity to file a traverse and without first holding an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.[1]
 
 I. Vagueness
 
 3
 Martinez contends that 8 U.S.C. § 1326 is impermissibly vague and constitutionally infirm because the language used in the statute encourages arbitrary and discriminatory enforcement. His contention is foreclosed by United States v. Ayala, 35 F.3d 423, 425 (9th Cir.1994) (terms used in section 1326 do not render the statute vague or constitutionally infirm), cert. denied, 115 S.Ct. 1365 (1995).
 
 II. Applicability of 1991 Guidelines
 
 4
 Martinez contends that the district court should have sentenced him under the November 1, 1990 Guidelines because his crime was "complete" prior to the effective date of the November 1991 Guidelines. This claim was expressly rejected by this court in Martinez's direct appeal. See United States v. Martinez, No. 93-50540, unpublished memorandum disposition (9th Cir. Oct 27, 1994). Accordingly, we will not review that claim in this appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert denied, 423 U.S. 842 (1975).
 
 III. Traverse and Evidentiary Hearing
 
 5
 Martinez contends that the district court erred in denying his section 2255 motion without first allowing him the opportunity to file a traverse and without first holding an evidentiary hearing. These contentions lack merit.
 
 
 6
 Under section 2255, a hearing need not be conducted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1994); see also Frazer, 18 F.3d at 781. Such a determination may be made either before any response is ordered from the government or after the government has filed a response. See Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, Advisory Committee's Note to Rule 5.
 
 
 7
 Here, the record conclusively shows that Martinez is not entitled to relief under section 2255. Accordingly, the district court did not err when it denied the motion without holding an evidentiary hearing. See 28 U.S.C. § 2255 (1994); Frazer, 18 F.3d at 781. Furthermore, Martinez has shown no harm from the district court's failure to provide him with an opportunity to file a traverse. See Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, Advisory Committee's Note to Rule 5.[2] The district court's order is therefore
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 Martinez does not appeal from the district court's denial of his claim that his prior aggravated felony was improperly counted for purposes of calculating both his offense level and criminal history. We therefore deem the issue waived. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir.1996) (arguments not addressed in pro se brief are deemed abandoned)