**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Guadalupe MENDOZA–IRIBE,**
**Defendant–Appellant.**

**No. 99–10033**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 1999[1]

Filed Dec. 6, 1999

1. The panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a).

Paul G. Turner, Assistant Public Defender, Las Vegas, Nevada, for the appellant.

Robert A. Bork, Assistant United States Attorney, Las Vegas, Nevada, for the appellee.

Before: BROWNING, WALLACE, and LEAVY, Circuit Judges.

PER CURIAM.

Guadalupe Mendoza–Iribe appeals from the sentence imposed by the district court following his guilty plea to a single count of illegal reentry by a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). The district court applied U.S.S.G. § 2L1.2(b)(1)(A), adjusting Mendoza–Iribe's offense level upward by sixteen levels for having been previously deported following a conviction for an "aggravated felony." Mendoza–Iribe contends that the district court erred in treating his previous conviction as an aggravated felony because his illegal reentry occurred prior to the effective date of the 1996 amendment to 8 U.S.C. § 1101(a)(43)(A), which added "sexual abuse of a minor" to the definition of aggravated felony, and that his conviction would not qualify as an aggravated felony under the previous definition.

■ We review *de novo* the legality of a guideline sentence and the district court's interpretation of the sentencing guidelines. *See United States v. Jackson*, 176 F.3d 1175, 1176 (9th Cir.1999) (per curiam); *United States v. Smith*, 175 F.3d 1147, 1148 (9th Cir.1999). We have jurisdiction to review this sentence pursuant to 28 U.S.C. § 1291, and affirm.

## FACTS

Mendoza–Iribe pled guilty to a one-count indictment, charging him as an alien previously deported on or about June 5, 1995 and thereafter "found" on June 23, 1998 in the United States without the consent of the Attorney General in violation of 8 U.S.C. §§ 1326(a) and (b)(2). At sentencing, the district court concluded that Mendoza–Iribe's prior conviction of sexual penetration with an object was an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(A) and adjusted Mendoza–Iribe's base offense level upward by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). That sentencing guideline requires a sixteen-level increase to the base offense level if the previous conviction was for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, comment. (n.1). As a result, the district court sentenced Mendoza–Iribe to a term of fifty-seven months' incarceration.

In 1991, Mendoza–Iribe was convicted under California Penal Code § 289(j) for inserting two of his fingers into a two-year-old female victim's vagina, and sentenced to a six-year term of incarceration. He was released from custody on March 13, 1995, to the Immigration and Naturalization Service and deported from the United States on June 5, 1995. Mendoza–Iribe thereafter reentered the United States, allegedly in April 1996, without permission of the Attorney General. Mendoza–Iribe was arrested on June 12, 1998, and local police notified the Immigration and Naturalization Service upon discovery of his status as an illegal alien. This prosecution followed.

### DISCUSSION

A. *The 1996 amendment applies to Mendoza–Iribe*

■ Congress amended the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(A) on September 30, 1996, to include the offense of sexual abuse of a minor. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Div. C of Pub.L. 104–208, 110 Stat. 3009–627 (1996). Section 321 of that act, after amending the definition of "aggravated felony," provides:

(b) EFFECTIVE DATE OF DEFINITION—Section 101(a)(43) (8 U.S.C. 1101(a)(43)) is amended by adding at the end the following new sentence: "Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph."

(c) EFFECTIVE DATE—The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred, and shall apply under section 276(b) of the Immigration and Nationality Act only to violations of section 276(a) of such Act occurring on or after such date.

110 Stat. 3009–628. It is clear from the language of section 321(b) that the date of Mendoza–Iribe's conviction for sexual penetration of a minor is irrelevant to the act's applicability. The applicability of the amendment depends, instead, upon whether there was "action[ ] taken on or after" September 30, 1996.

■ Mendoza–Iribe argues that the only "action taken" in this case occurred upon his reentry into the United States in April 1996, prior to the enactment of the 1996 amendments. Mendoza–Iribe relies on *United States v. Cupa–Guillen,* 34 F.3d 860, 863 (9th Cir.1994), and *United States v. Ayala,* 35 F.3d 423, 426 (9th Cir.1994), both of which held that 8 U.S.C. § 1326(a) was not a "status" crime because it required the affirmative act of reentry. In *United States v. Guzman–Bruno,* 27 F.3d 420, 422–23 (9th Cir.1994), however, we held that violation of section 1326 was a "continuing offense which continues so long as the alien remains in the country." We held that applying a sentencing guideline that had been amended between the time of Guzman–Bruno's illegal entry and arrest did not violate the ex post facto clause. *See id.* Thus, Mendoza–Iribe's violation of section 1326 continued until June 1998, well after the effective date of the 1996 amendment. Therefore, the district court correctly applied the amended definition of "aggravated felony" in calculating Mendoza–Iribe's sentence.

B. *Mendoza–Iribe's conviction qualifies as an "aggravated felony"*

■ Having determined that the 1996 amendments to the definition of "aggravated felony" are applicable here, Mendoza–Iribe's conviction under California Penal Code § 289(j) qualifies as an "aggravated felony" because it is a conviction for "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

We recently held that a conviction under California Penal Code § 288(a), a crime of lewd or lascivious act on a child under the age of 14 years, categorically qualifies as a

conviction for "sexual abuse of a minor" and is thus an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(A). *See United States v. Baron–Medina*, 187 F.3d 1144, 1147 (9th Cir.1999). In order to be convicted under section 288(a), the defendant must have touched an underage child's body with sexual intent. *Id.* We held that "[t]he conduct reached by Section 288(a) indisputably falls within the common, everyday meanings of the words 'sexual' and 'minor' " as those words were used in 8 U.S.C. § 1101(a)(43)(A). *Id.*

Mendoza–Iribe was convicted under a statute that provides criminal penalties for:

> Any person who participates in an act of penetration of the genital or anal openings with a foreign object, instrument, or device, or by any unknown object of another person who is under 14 years of age and who is more than 10 years younger than he or she or causes another person who is under 14 years of age and who is more than 10 years younger than the defendant to so penetrate the defendant's or another person's genital or anal openings for the purpose of sexual arousal, gratification, or abuse.

Cal.Penal Code § 289(j). Applying the rationale of *Baron–Medina*, we hold that the conduct reached by section 289(j) constitutes "sexual abuse of a minor." The plain language of section 289(j) requires proof that the defendant penetrated a young victim's genital or anal openings with a foreign object[2] with the purpose of sexual arousal, gratification, or abuse. Even if the conduct is solely for the purpose of sexual arousal or gratification, the "use of young children for the gratification of sexual desires constitutes an abuse." *Baron–Medina*, 187 F.3d at 1147. We conclude that the conduct reached by section 289(j) falls within the meaning of "sexual abuse of a minor."

2. " 'Foreign object, substance, instrument, or device' [includes] any part of the body, except a sexual organ." Cal.Penal Code § 289(k)(1).

The district court properly applied the amended definition of "aggravated felony" to Mendoza–Iribe's prior conviction in calculating his sentence. Mendoza–Iribe's prior conviction was for sexual abuse of a minor, and was therefore an aggravated felony, which warranted the upward adjustment in calculating his sentence.

AFFIRMED