Marcos William TOLEDO–CASTILLO, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 99–71643.
I & NS No. A29–320–649.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 9, 2001.

**2.** *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I)-(II).

**6.** *See* 8 U.S.C. § 1182(c) (1994).

**7.** Codified at 8 U.S.C. § 1229b.

**8.** 233 F.3d 1160 (9th Cir.2000).

**9.** *See id.* at 1164.

**10.** *See Richards–Diaz,* 233 F.3d at 1165.

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before MAGILL,** FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM ***

Marcos Williams Toledo–Castillo argues that his conviction under California Penal Code § 261.5(a) for unlawful sexual intercourse with a minor is not an "aggravated felony."[1]  8 U.S.C. § 1101(a)(43) defines an aggravated felony offense to include "sexual abuse of a minor."  In *US v. Baron–Medina*, we concluded that a conviction under Cal.Penal Code § 288(a), which prohibits lewd or lascivious acts on children under age 14, qualified as "sexual abuse of

a minor" and, hence, an "aggravated felony" within the meaning of the INA.[2] We interpreted the undefined term "sexual abuse of a minor" by employing the ordinary, contemporary, and common meaning of the words that Congress used, and then determining whether or not Section 288(a) fell within it.[3]

The elements of a Section 261.5 offense are:  (1) a person 21 years of age or older;  (2) engaged in an act of sexual intercourse;  (3) with a person under the age of 16;  and (4) these persons were not married to each other at the time of the act of sexual intercourse.[4]  The conduct reached by Section 261.5 indisputably falls within the common, everyday meanings of the words "sexual" and "minor."  Toledo–Castillo's act constitutes sexual abuse of a minor, an aggravated felony.  Since Toledo–Castillo was convicted of an aggravated felony, we lack jurisdiction to hear this appeal and therefore dismiss the petition.[5]

Petition for review DISMISSED.

---

** The Honorable Frank J. Magill, Senior Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  While Cal.Penal Code § 261.5 allows for both felony and misdemeanor convictions, Toledo–Castillo has never argued that he was not convicted of a felony under § 261.5. His argument has been that although he was convicted of a felony, it was not "aggravated."

2.  *United States v. Baron–Medina*, 187 F.3d 1144, 1146 (1999);  *see also United States v.*

*Mendoza–Iribe*, 198 F.3d 742, 745 (9th Cir. 1999) (holding that under the sentencing guidelines, a conviction for sexual penetration with an object in violation of Cal.Penal Code § 289(j) constituted sexual abuse of a minor).

3.  *Baron–Medina*, 187 F.3d at 1146.

4.  *People v. Scott*, 83 Cal.App.4th 784, 794 n. 4, 100 Cal.Rptr.2d 70, 77 n. 4 (2000).

5.  *See Castro–Baez v. Reno*, 217 F.3d 1057, 1058 (9th Cir.2000).