**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rene Contreras PEREZ, aka Francisco Perez–Peralta, Defendant–Appellant.**

No. 00–10268.

D.C. No. CR–99–0097–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001.[1]

Decided May 18, 2001.

Before NOONAN, SILVERMAN, and SEDWICK,[2] Circuit Judges.

MEMORANDUM[3]

Rene Contreras Perez, a citizen of Mexico, appeals his conviction for three counts of being found in the United States after deportation, in violation of 8 U.S.C. § 1326. Contreras Perez has been deported from the United States seven times. He was charged in the present case with returning after deportation on three occasions. After a jury convicted Contreras Perez, he was sentenced to one hundred months of imprisonment followed by three years of supervised release and was ordered to pay a $300 special assessment. We affirm his conviction and sentence.

Contreras Perez contends that he was entitled to a jury instruction stating that he could not be convicted unless he knew he did not have the Attorney General's permission to be present in the United States. As Contreras Perez concedes, his argument is foreclosed by *Pena–Cabanillas v. United States*, 394 F.2d 785 (9th Cir.1968), in which we held that an alien

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**654**

need not have had the specific intent to reenter the United States illegally.

We decline to overrule *Pena–Cabanillas*. Contreras Perez's assertion that *Staples v. United States*, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), conflicts with our precedent is unpersuasive. *Staples* involved the National Firearms Act, and the Supreme Court's holding was limited to that statute. *Id.* at 619–20, 114 S.Ct. 1793. Moreover, the Court's primary concern was that dispensing with mens rea would risk criminalizing innocent conduct. *Id.* at 610, 114 S.Ct. 1793. There is no such risk here: Contreras Perez gave a sworn statement to the INS admitting that he had previously been deported seven times and had never applied for permission to reenter. As *Staples* does not undermine *Pena–Cabanillas*, we cannot reconsider our decision in that case. *See Branch v. Tunnell*, 14 F.3d 449, 456 (9th Cir.1994).

We have twice rejected Contreras Perez's next argument, with which he urges us to overrule *Pena–Cabanillas* because the maximum penalty for violations of section 1326 has increased. *See United States v. Ortiz–Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995); *United States v. Ayala*, 35 F.3d 423, 426 (9th Cir.1994).

Finally, Contreras Perez's contention that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), fails. *See United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000).

AFFIRMED.