**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan ROJAS–AREVALO, aka Juan Arevalo–Rojas; Juan Arevalo; Juan Oaranio Rojas, Defendant–Appellant.**

No. 00–10097.

D.C. No. CR–99–00111–FMS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2001.*

Decided June 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,[**] District Judge.

### MEMORANDUM [***]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We have held that violation of 8 U.S.C. § 1326 is a "continuing offense which continues so long as the alien remains in the country."[1] Thus, Rojas–Arevalo's violation of § 1326 continued until January 1999, well after the effective date of the 1996 amendment to the definition of "aggravated felony."[2] Therefore, the district court correctly applied the amended definition of "aggravated felony" in calculating Rojas–Arevalo's sentence.[3]

Nothing in *Valderrama–Fonseca v. INS*[4] changes this result. In that case, we did not apply the amended definition of "aggravated felony" because all of the "actions taken"[5] in petitioner's deportation proceedings occurred before the effective date of the 1996 amendment.[6] However, contrary to what Rojas–Arevalo suggests, we did not limit the applicability of the 1996 amendment to cases where there was an order or decision issued against an alien

by the Attorney General after the effective date of that amendment. Here, Rojas–Arevalo's violation of § 1326 also triggered the amended definition of "aggravated felony,"[7] and that is not inconsistent with our decision in *Valderrama–Fonseca*.

AFFIRMED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Mendoza–Iribe*, 198 F.3d 742, 744 (9th Cir.1999) (per curiam) (quotations omitted).

2. *See* Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), § 321(a)(11), Div. C of Pub.L. No. 104–208, 110 Stat. 3009–627 (Sept. 30, 1996) (amending 8 U.S.C. § 1101(a)(43)(F) to reduce the

term of imprisonment requirement from five years to one year).

3. *Mendoza–Iribe*, 198 F.3d at 744; *see also United States v. Ramirez–Valencia*, 202 F.3d 1106, 1110 (9th Cir.2000) (per curiam).

4. 116 F.3d 853 (9th Cir.1997).

5. IIRIRA § 321(c) ("The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act....").

6. *Valderrama–Fonseca*, 116 F.3d at 855.

7. *Mendoza–Iribe*, 198 F.3d at 744; *see also Ramirez–Valencia*, 202 F.3d at 1110.