**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Rogelio BARAJAS–HERNANDEZ, aka, Juan R. Barajas; John R. Barajas; Juan Rogelio Barajas, Defendant–Appellant.**

No. 01–10080.

D.C. No. CR–00–00426–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Juan Rogelio Barajas–Hernandez appeals his 63–month sentence imposed upon conviction after jury trial for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Barajas–Hernandez first challenges the district court's denial of his motion for acquittal, based on his contention that the prosecution did not prove his prior conviction at trial as required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our decision in *United States*

*v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (concluding, on de novo review, that *Apprendi* did not limit application of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) to cases where defendant admits prior conviction on the record).

Barajas–Hernandez next contends that the district court erred in imposing a 16–level enhancement to his sentence, because his 1988 conviction for aggravated assault was not considered an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) at the time of its commission. This contention is foreclosed by our decision in *United States v. Maria–Gonzalez,* 268 F.3d 664, 669 (9th Cir.2001) (recognizing that 1996 amendment to definition of "aggravated felony" applies retroactively); *United States v. Mendoza–Iribe,* 198 F.3d 742, 744 (9th Cir.1999) (per curiam), *cert. denied,* 529 U.S. 1061, 120 S.Ct. 1572, 146 L.Ed.2d 475 (2000) (recognizing that 1996 amendment specifically applies regardless of date of prior conviction constituting aggravated felony).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.