**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Armando RUIZ–TELLO, aka Armando
Ruiz Tello, Defendant—Appellant.**

No. 00–50386.

D.C. No. CR 99–0073 DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001 *.

Submission vacated Dec. 6, 2001.

Resubmitted June 26, 2002.

Decided July 1, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM \*\*

Armando Ruiz–Tello appeals the sentence imposed by the district court following his guilty plea to one count of being an alien found in the United States without the permission of the Attorney General following deportation, in violation of 8 U.S.C. § 1326. Ruiz–Tello contends that his 1991 convictions for lewd or lascivious acts with a minor did not constitute aggravated felonies for purposes of 8 U.S.C. § 1101(a)(43)(A), and that the district court consequently erred when it imposed a 16–level increase in his offense level pursuant to United States Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A).[1] We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

In determining whether an offense is an aggravated felony for purposes of USSG § 2L1.2, we examine the statutory definition of the crime categorically, rather than the particular facts underlying the prior offense. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1208–09 (9th Cir.2002) (en banc). Ruiz–Tello's convictions under Cal.Penal Code §§ 261.5 and 288(c) constituted aggravated felonies for purposes of USSG § 2L1.2(b)(1)(A). *See United States v. Baron–Medina*, 187 F.3d 1144, 1146–47 (9th Cir.1999), *cert. denied*, 531 U.S. 1167, 121 S.Ct. 1130, 148 L.Ed.2d 996 (2001) (reasoning that the conduct reached

---

**1.** Section 2L1.2(b)(1)(A) provides for a 16–level increase in offense level if the defendant was previously deported following a conviction for an aggravated felony. 8 U.S.C. § 1101(a)(43)(A) defines "aggravated felony" to include "murder, rape, or sexual abuse of a minor."

by Cal.Penal Code § 288(a) fell within the common, everyday meaning of "sexual abuse of a minor" and thus holding that a conviction under the statute was an aggravated felony for purposes of USSG § 2L1.2). Section 288(c) differs from § 288(a) only in that it adds to the offense the requirement that the offender be at least ten years older than the child if the victim is fourteen or fifteen years old. *See* Cal.Penal Code § 288(a), (c). The age differential requirement in subsection (c) does not differentiate it from subsection (a); the conduct proscribed by the statute in both subsections still falls within the meaning of "sexual abuse of a minor." *See United States v. Mendoza–Iribe*, 198 F.3d 742 (9th Cir.1999), *cert. denied*, 529 U.S. 1061, 120 S.Ct. 1572, 146 L.Ed.2d 475 (2000) (holding that the conduct reached by Cal.Penal Code § 289(j), which has an age differential requirement, falls within the meaning of "sexual abuse of a minor"). Thus, considered categorically, the offense meets the definition of an aggravated felony. *See Corona–Sanchez*, 291 F.3d 1201, 1209–10 (stating that the relevant question is whether the crime meets the definition of an aggravated felony under federal sentencing law).

We reject Ruiz–Tello's argument regarding the possibility that violations of Cal.Penal Code §§ 261.5 and 288(c) can constitute misdemeanors rather than felonies. The record indicates that Ruiz–Tello's convictions were felonies and he has not disputed that fact, either below or on appeal. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (noting that we may examine documentation or judicially noticeable facts that clearly establish that the conviction is an aggravated felony for purposes of USSG § 2L1.2).

---

\* The Honorable Saundra Brown Armstrong, United States District Judge for the Northern

The sentence imposed by the district court is therefore

AFFIRMED.