**Eric Laroy TUCKER, Petitioner—Appellant,**

v.

**Leslie RYDER, Superintendent, Washington State Reformatory, Respondent—Appellee.**

No. 01–35719.

D.C. No. CV–00–05746–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 2, 2002.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

## MEMORANDUM *

Eric Laroy Tucker brings this habeas appeal challenging his sentence for the rape of his eight year-old stepdaughter. We reject Tucker's ineffective assistance of counsel claim, because Tucker cannot show the required prejudice. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the trial court explicitly stated that it did not rely on any material in the presentence investigation report ("PSI") to which Tucker then had objected. As to the argument now made by Tucker that his counsel was ineffective because counsel should have ob-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

jected further, we find no prejudice. Even if Tucker's attorney had objected to parts of the PSI and the sentencing court had decided the contested facts in Tucker's favor, Tucker still would have been eligible for the enhanced sentence, based on his "ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over [what the state courts could consider] a prolonged period of time." Wash. Rev. Code § 9.94A.390(2)(g) (2000).

We also reject Tucker's argument that the sentencing enhancement was unconstitutionally vague. The sentencing enhancement gave sufficient notice to Tucker that his conduct fell under it, because it gave a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." *United States v. Ayala*, 35 F.3d 423, 425 (9th Cir.1994); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). And we conclude that the enhancement also provided at least minimal guidelines for law enforcement in Tucker's case. *See Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *see also Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) (allowing only as-applied vagueness challenges when First Amendment interests not implicated).

The scope of our review is of course limited by the Antiterrorism and Effective Death Penalty Act (AEDPA), which constrains federal courts' power to grant a writ of habeas corpus to a state prisoner. Based on the authorities above, we have no doubt that the state court ruling has not "resulted in a decision that was contrary to, or involved an unreasonable application

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 402–03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.