**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan GARCIA, Defendant–Appellant.**

No. 02–10183.

D.C. No. CR–01–00333–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Juan Garcia appeals the district court's denial of his motion to dismiss his indictment for illegally reentering the United States after a prior deportation in violation of 8 U.S.C. § 1326. Garcia alleges that his deportation was defective because the Immigration Judge (IJ) incorrectly concluded that Garcia had a prior aggravated felony conviction which made him ineligible for discretionary relief under former § 212(c) of the Immigration and Nationality Act (INA). We affirm the judgment of the district court.[1]

Because Garcia had a previous conviction for an aggravated felony, he was ineligible for discretionary relief. *See* Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 440(d), Pub.L. 104–132, 110 Stat. 1214 (Apr. 24, 1996) (making aggravated felons ineligible for discretionary relief). Garcia's past conviction for indecent contact with a minor is considered an aggravated felony according to § 321 of the Illegal Immigration Responsibility and Reform Act (IIRIRA). *See* IIRIRA, § 321(a) (codified at 8 U.S.C. § 1101(a)(43)(A)) (defining "sexual abuse of a minor" as an aggravated felony).

Although Garcia's conviction occurred prior to IIRIRA's enactment, § 321 still applies to his case because Congress expressly directed that § 321 operate retroactively. *See, e.g., INS v. St. Cyr*, 533 U.S. 289, 316, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that statutes shall be ap-plied retroactively when explicitly directed by Congress). Section 321(b) states that "[n]otwithstanding any other provision of law (including any effective date), the term [aggravated felony] applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph." IIRIRA, § 321(b) (codified at 8 U.S.C. § 1101(a)(43)). Section 321(c) of the statute further states that "[t]he amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, *regardless of when the conviction occurred . . . .*" IIRIRA, § 321(c) (emphasis added). We have held consistently that Congress expressly directed a retroactive application of § 321. *See Aragon–Ayon v. INS*, 206 F.3d 847, 851–53 (9th Cir.2000); *United States v. Mendoza–Iribe*, 198 F.3d 742, 744 (9th Cir.1999).

Garcia's reliance on *St. Cyr* hurts rather than helps his case. Although the Supreme Court in that case found that Congress did not expressly direct a retroactive application of § 304 of IIRIRA, the Court identified § 321 as a section containing a clear congressional instruction favoring retroactivity. *See St. Cyr*, 533 U.S. at 319 & n. 43, 121 S.Ct. 2271.[2] Because § 321 applies to Garcia's previous conviction, there was no defect in his deportation proceeding. The district court correctly denied Garcia's motion to dismiss his indictment.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. This Court reviews de novo a district court's order denying a collateral attack upon removal proceedings. *See United States v. Herrera–Blanco*, 232 F.3d 715, 717 (9th Cir.2000).

2. Several other circuits have found, in decisions post-dating *St. Cyr*, that the plain language of § 321 dictates a retroactive application. *See Chambers v. Reno*, 307 F.3d 284, 292 (4th Cir.2002); *Kuhali v. Reno*, 266 F.3d 93, 110–11 (2d Cir.2001); *Mohammed v. Ashcroft*, 261 F.3d 1244, 1249–50 (11th Cir.2001).