
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CASAS BANUELOS, | No. 09-70446 |
| Petitioner, | Agency No. A028-787-803 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2014**
Pasadena, California

Before: KLEINFELD and CHRISTEN, Circuit Judges, and SEDWICK, District
Judge.***

    Juan Casas-Banuelos seeks review of his removal from the United States.

We dismiss the petition for want of jurisdiction.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable John W. Sedwick, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Mr. Banuelos does not ask us to review the underlying 1992 deportation order, which in any case, we lack jurisdiction to review because an appeal was not timely filed. See Lee v. INS, 685 F.2d 343, 343–44 (9th Cir. 1982) (per curiam) (dismissing for lack of jurisdiction because petition was untimely filed).

Petitioner seeks review of the "wrongful reinstatement" of the 1992 deportation order. Petitioner is correct that we have limited jurisdiction over reinstatement of deportation orders. See Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1137–38 (9th Cir. 2008). But we do not have a reinstatement of deportation order here. The government is enforcing the 1992 deportation order for the first time because Banuelos never left the country after the 1992 order was issued.

The government concedes that it incorrectly filled out the I-294 warning letter it gave Mr. Banuelos, making it appear that he was found "to have reentered the United States illegally." The faulty form, however, does not change the legal status of Mr. Banuelos's removal, it merely misstated the consequences attached to his removal. Cf. United States v. Ayala, 35 F.3d 423, 425 (9th Cir. 1994) (holding that warning letter that incorrectly stated penalty for reentry did not violate due

2

process); <u>United States v. Perez-Torres</u>, 15 F.3d 403, 406 (5th Cir. 1994) (describing warning letter as "a document with no relevant legal force"). This misstatement has been corrected by the government, eliminating the possibility of prejudice should Mr. Banuelos reapply for entry to the United States.

As Mr. Banuelos concedes, the government had authority to enforce the 1992 deportation order. And that is all it did here. Accordingly, the petition is **DISMISSED** for lack of jurisdiction.