**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4554**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO AUGUSTIN LOPEZ ARANDA, a/k/a Ricardo Augustine,
a/k/a Ricardo Lopez, a/k/a Ricardo Aranda, a/k/a Agustin
Aranda, a/k/a Lopez Aranda, a/k/a Recardo Lopez,

Defendant - Appellant.

**No. 14-4781**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO AUGUSTIN LOPEZ ARANDA, a/k/a Ricardo Augustine,
a/k/a Ricardo Lopez, a/k/a Ricardo Aranda, a/k/a Agustin
Aranda, a/k/a Lopez Aranda, a/k/a Recardo Lopez,

Defendant - Appellant.

Appeals from the United States District Court for the Western
District of Virginia, at Roanoke. Glen E. Conrad, Chief
District Judge. (7:13-cr-00026-GEC-1; 7:13-cr-00052-GEC-1)

Submitted: April 30, 2015            Decided: May 20, 2015

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel A. Walker, Orlando, Florida, for Appellant. Anthony P. Giorno, Acting United States Attorney, C. Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia; Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Augustin Lopez Aranda pled guilty to one count of being an alien found in the United States after removal following conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). He was sentenced to 27 months' imprisonment. At the sentencing hearing, the district court also found Aranda guilty of violating the terms of supervised release imposed pursuant to a 2009 conviction for being found in the United States after prior removal after conviction of a felony. The court sentenced Aranda to 24 months' imprisonment on the revocation, to run consecutively to the 27-month term. The court also imposed a three-year term of supervised release. Aranda appeals. Finding no error, we affirm.

Aranda first contends that the "found in" offense in § 1326(a)(2) is an unconstitutional status offense because it does not require an "actus reus" and thus violates the Eighth Amendment in light of <u>Robinson v. California</u>, 370 U.S. 660 (1962). Because Aranda did not raise this issue in the district court, we review the claim for plain error.[1] <u>Puckett v. United</u>

---

[1] The government notes that a defendant's guilty plea normally waves antecedent defects. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973). Because Aranda contends that § 1326(a)(2) facially violates the Eighth Amendment, the government concedes that <u>Tollett</u> does not bar this Court's review. <u>See</u> <u>Menna v. New York</u>, 423 U.S. 61 (1975). For this reason, the government (Continued)

3

States, 556 U.S. 129, 134-35 (2009).  To establish plain error, Aranda must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even if Aranda meets these requirements, the Court will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (alteration and internal quotation marks omitted).

Courts of appeals that have addressed the claim that § 1326(a)(2) is an unconstitutional status crime have held that the "found in" offense in that section is not an unconstitutional status crime under Robinson because § 1326(a)(2) necessarily requires that a defendant commit the act of reentering the United States without permission within five years of being deported.  See United States v. Tovias-Marroquin, 218 F.3d 455, 457 (5th Cir. 2000); United States v. Ayala, 35 F.3d 423, 426 (9th Cir. 1994).  We likewise find this claim to be without merit.[2]  We further reject Aranda's claim

declines to invoke the appeal waiver provision in Aranda's plea agreement.

[2] As the Attorney General notes, Aranda admitted at his revocation hearing that he illegally reentered the United States after being removed following his 2009 conviction.

4

that the statute is unconstitutionally vague. See id. at 424-25; United States v. Meraz-Valeta, 26 F.3d 992, 997 (10th Cir. 1994), overruled on other grounds by United States v. Aguirre-Tello, 353 F.3d 1199 (10th Cir. 2004) (en banc); United States v. Whittaker, 999 F.2d 38, 42-43 (2d Cir. 1993).

Next, Aranda asserts that trial counsel was ineffective under the Sixth Amendment by failing to raise the above constitutional claims. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Accordingly, because the record does not conclusively establish ineffective assistance of counsel, Aranda's claim should be raised, if at all, in a § 2255 motion.

Finally, Aranda asserts that the district court's 24-month sentence imposed for his supervised release violations amounts to cruel and unusual punishment under the Eighth Amendment where the criminal statute for the underlying conviction does not require an actus reus. In 2009, Aranda was sentenced in federal district court in Texas pursuant to his first conviction under

5

§ 1326. The sentence included a term of supervised release which he was serving and violated by being subsequently convicted of forgery and reentering the United States again illegally and failing to report to probation. Aranda's challenge to § 1326(a)(2) in this context is in effect a collateral attack on his 2009 conviction. Such argument may only be properly raised on direct appeal of that conviction or in a habeas corpus proceeding under § 2255. In any event, the constitutional claim is meritless, and Aranda sets forth no other challenges to the supervised release proceeding, the court's findings, or his sentence.

We accordingly affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED