**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1276 |
| Plaintiff-Appellee, | D.C. No. 4:22-cr-01619-RM-BGM-1 |
| v. | |
| MATEO JUAN-DIEGO, AKA Mateo Diego, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted September 12, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,** District
Judge.

Mateo Juan-Diego ("Juan-Diego") appeals his conviction for illegal reentry of

a removed alien, in violation of 8 U.S.C. § 1326(a), as enhanced by § 1326(b)(1). He

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

maintains that his guilty plea was involuntary because the magistrate judge failed to mention the "knowledge" element of the offense when taking his plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Juan-Diego did not timely object to the magistrate judge's omission of the "knowledge" element from the plea colloquy, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731 (1993).

Both sides agree that one of the elements of Juan-Diego's offense of conviction under § 1326(a) was that, after having previously been deported, he *knew* that he was again in the United States. *See United States v. Salazar-Gonzalez*, 458 F.3d 851, 855-56 (9th Cir. 2006) (noting that the "knowledge" element has been a point of "confusion in [this court's] § 1326 jurisprudence" and has therefore often been omitted from criminal proceedings pursuant to § 1326, but clarifying that "knowledge that [the defendant] was committing the underlying act that made his conduct illegal" is a required element of the offense), *overruled on other grounds as recognized by United States v. Orozco-Acosta*, 607 F.3d 1156, 1161 n.3 (9th Cir. 2010); *see also United States v. Ayala*, 35 F.3d 423, 426 (9th Cir. 1994) (citing *Pena-Cabanillas v. United States*, 394 F.2d 785, 790 (9th Cir. 1968)).

Even assuming that the magistrate judge's failure to explicitly mention the "knowledge" element of the § 1326 offense during the plea colloquy was an obvious

error, it does not warrant reversal. Under plain error review, relief is not warranted unless there is "(1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (citations omitted).

Turning to the third requirement, we hold that the magistrate judge's error did not affect Juan-Diego's substantial rights. "[F]or purposes of plain error review, a defendant's substantial rights are affected by Rule 11 error where the defendant proves that the court's error was not minor or technical and that he did not understand the rights at issue when he entered his guilty plea." *United States v. Minore*, 292 F.3d 1109, 1118 (9th Cir. 2002). "In ascertaining the defendant's understanding of the rights at issue, we are not restricted to the record of the plea colloquy." *Id.* at 1119 (citation omitted). Here, the record as a whole reflects that Juan-Diego was apprised of the fact that, to be convicted of the charged offense under § 1326, he had to know that he had entered and was in the United States.

As for the fourth requirement, we hold that the magistrate judge's error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. The record as a whole reflects that, at the time he was found, Juan-Diego had the requisite knowledge that he was in the United States.

Concluding that Juan-Diego has failed to demonstrate plain error, we affirm his conviction.

**AFFIRMED**.