# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m. 99-40881
Summary Calendar

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JESUS TOVIAS-MARROQUIN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

July 11, 2000

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jesus Tovias-Marroquin ("Tovias") was convicted of illegal entry after deportation in violation of 8 U.S.C. § 1326(a) and (b). He claims that the crime of which he was convicted cannot stand under the Due Process Clause of the Fourteenth Amendment because it constitutes, as defined in the indictment and the district court's jury instructions, a "status offense." He also argues that the court erred in imposing a fine. Finding no error, we affirm.

I.

Tovias was convicted of possession with intent to distribute marihuana, then jailed and later deported. In 1999, he reentered the United States without the requisite permission to do so, and was again arrested.

Tovias was indicted under a statute providing that

(a) . . . any alien whoSS

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Criminal penalties for reentry of certain removed aliens

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsectionSS

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both. . . .

8 U.S.C. § 1326. The indictment charged that Tovias, "an alien who had previously been denied admission, excluded, deported, and removed, knowingly and unlawfully was present in the United States[,] . . . the said defendant having not obtained . . . consent . . . for admission into the United States."

## II.
### A.

Tovias challenges his conviction on the ground that § 1326 establishes a "status offense"SSthat it would punish him for who he is rather than what he has done, and that it therefore violates his due process rights. Although we have not dealt specifically with this argument, the court in *United States v. Ayala*, 35 F.3d 423, 425-26 (9th Cir. 1994), did so, reasoning as follows:

Ayala argues that the "found in" provision of § 1326 impermissibly punishes aliens for their "status" of being found in the United States. We reject the argument.

Ayala's reliance on two Supreme Court decisions, *Robinson v. California*, 370 U.S. 660 (1962) and *Lambert v. California*, 355 U.S. 225 (1957), is misplaced. In *Robinson*, the Court held that a statute that criminalized the status of being addicted to narcotics, "even though [the defendant] . . . never touched any narcotic drug within the State or [had] been guilty of any irregular behavior there," violated the Eighth Amendment. 370 U.S. at 667. The Supreme Court has subsequently limited the applicability of *Robinson* to crimes that do

not involve an actus reus:

> The entire thrust of Robinson's interpretation of the [Eighth Amendment] is that criminal penalties may be inflicted only if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing, or perhaps in historical common law terms, has committed some *actus reus*.

*Powell v. Texas*, 392 U.S. 514, 533 (1968) (plurality opinion of Marshall, J.) (upholding statute criminalizing being drunk while in public); *see also id.* at 544 (Black, J., concurring). A conviction under § 1326 for being "found in" the United States necessarily requires that a defendant commit an act: he must re-enter the United States without permission within five years after being deported.

> *Lambert* involved a municipal ordinance that made it a criminal offense for a person having a previous felony conviction to be present in Los Angeles without registering with police. 355 U.S. at 227. The Court held that due process required "actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply." *Id.* at 229. Ayala's reliance on *Lambert* is misplaced because it is undisputed that Ayala knew it was illegal to re-enter the United States after his deportation.

*Id.* (ellipses in original, some internal citation information omitted).

Tovias's arguments are materially similarSSaimed at the sufficiency of the indictment rather than the constitutionality of the statute, but otherwise the sameSSand fail for the same reasons. We adopt the analysis set forth in *Ayala* and find no merit to Tovias's claim that he was charged with a status offense.

### B.

In a related matter, Tovias argues that the district court abused its discretion in failing to charge the jury that, to convict, it must find that he had "knowingly" re-entered the country. *See United States v. Trevino-Martinez*, 86 F.3d 65, 67 (5th Cir. 1996) (holding that we review the refusal to provide a requested jury instruction for abuse of discretion).

> The district court abuses its discretion when it declines a proffered instruction only if this instruction (1) was a correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense.

*Id.* at 67-68. Moreover, "[w]e review claimed deficiencies in a jury charge by looking to the entire charge as well as the arguments made to the jury." *United States v. Chagra*, 807 F.2d 398, 402 (5th Cir. 1986).

The government and Tovias informed the jury that, to convict, it must find that Tovias was knowingly in the United States; the jury, while deliberating, had a copy of the indictment, which explicated the same *mens rea*. The jury was, therefore, competently instructed of the *mens rea* requirement Tovias desired.

## II.

Tovias asserts that the court committed clear error in fining him, although he concedes that the $10,000 fine was within the sentencing-guideline range. Imposition of a fine is appropriate unless the defendant establishes that he will be unable to pay. *See United States v. Fair*, 979 F.2d 1037, 1040 (5th Cir. 1992). The defendant has the burden of presenting evidence of inability to pay. *Id.* at 1041; *United States v. Leal*, 74 F.3d 600, 608 (5th Cir. 1996).

Tovias refused to sign a personal financial statement, a consent and authorization for access to financial records, or forms swearing that he lacked assets and had no appreciable net worth. He therefore willfully refused to carry his burden, and failed thereby to deny the court the opportunity to levy a fine.

AFFIRMED.