**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20859
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEUTERIO BANUELOS-CAMPOS,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-105-1
-----------------------------------------------------------
November 28, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Eleuterio Banuelos-Campos appeals his conviction for illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326.

Banuelos-Campos contends that the district court erred in denying a motion to dismiss, in which he had argued that a previous deportation could not form the basis for a prosecution for illegal reentry because the proceeding did not comply with due process. As Banuelos-Campos concedes, this issue is foreclosed by our decision in United States v. Benitez-Villafuerte, 186 F.3d 651, 654 (5th Cir. 1999), cert. denied, 120 S. Ct. 838 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Banuelos-Campos argues that the criminal information in his case was defective because it did not allege illegal reentry as a specific-intent crime. As he again concedes, we have previously rejected this argument. See United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir.), cert. denied, 120 S. Ct. 433 (1999). Banuelos-Campos argues that since the Seventh Circuit has held that § 1326 requires proof of "some mental state," see United States v. Anton, 683 F.2d 1011, 1017 (7th Cir. 1982), we should apply the rule of lenity and resolve any ambiguity in his favor. A statute is not ambiguous for purposes of the rule of lenity merely because there is a division of judicial authority over its proper interpretation. Reno v. Koray, 515 U.S. 50, 64-65 (1995).

Banuelos-Campos argues that his criminal information was defective because it charged him with a prohibited status offense. This argument is foreclosed by our recent decision in United States v. Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir. 2000).

AFFIRMED.