IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20077
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO ALVARADO-ESPARZA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-565-1
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gerardo Alvarado-Esparza appeals from his guilty-plea conviction for illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(b). First, Alvarado-Esparza argues that the indictment was insufficient because it failed to allege any specific-intent element. He concedes, however, that this argument is foreclosed by United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir.), cert. denied, 528 U.S. 979 (1999) and United States v. Trevino-Martinez, 86 F.3d 65, 68 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996).  He raises the issue only to preserve it for possible Supreme Court review.

Next, Alvarado-Esparza argues that his indictment was defective for charging him with a prohibited status offense. This argument is foreclosed by our recent decision in <u>United States v. Tovias-Marroquin</u>, 218 F.3d 455, 456-57 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 670 (2000).

Finally, Alvarado-Esparza argues that the indictment was insufficient because it failed to allege any <u>mens</u> <u>rea</u>.  This court's recent decision in <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233 (5th Cir. 2000), is dispositive.  The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Alvarado-Esparza's reentry was a voluntary act in view of the allegations that he had been excluded, deported, and removed, and that he was present without having obtained the consent of the Attorney General.  Alvarado-Esparza failed to challenge the indictment.  Consequently, under <u>Guzman-Ocampo</u>, the indictment was statutorily sufficient.

Accordingly, the judgment of conviction is AFFIRMED.