IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20981
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL GALLEGOS-CALDERON,
also known as Miguel Angel Calderon-Gallegos,
also known as Miguel Calderon Gallegos,
also known as Miguel Angle Gallegos,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-CR-99-16-01
- - - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Gallegos-Calderon (Gallegos) appeals his

conviction following a guilty plea for illegal presence in the

United States in violation of 8 U.S.C. § 1326.  He argues that

the indictment was defective because it failed to allege specific

intent, general intent, or an actus reus.  He also argues that

the district court erred when it denied his motion to suppress

the prior deportation because it violated due process.  He

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

acknowledges that the specific intent and due process issues are foreclosed and raises the issues only to preserve them for Supreme Court review.

All of Gallegos' contentions on appeal are foreclosed by controlling Fifth Circuit precedent. *See United States v. Guzman-Ocampo*, 236 F.3d 233, 237-39 (5th Cir. 2000)(finding sufficient an indictment's allegations of general intent); *United States v. Tovias-Marroquin*, 218 F.3d 455, 456-57 (5th Cir.)(holding that § 1326 does not establish a status offense that improperly punishes defendant in absence of an actus reus), *cert. denied*, 121 S. Ct. 670 (2000); *United States v. Benitez-Villafuerte*, 186 F.3d 651 (5th Cir. 1999)(holding that administrative deportation proceedings do not violate due process), *cert. denied*, 120 S. Ct. 838 (2000); *United States v. Trevino-Martinez*, 86 F.3d 65, 68-69 (5th Cir. 1996)(holding that § 1326 does not require proof of specific intent). Accordingly, Gallegos' conviction and sentence are AFFIRMED.