IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21074
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

ELISEO RODRIGUEZ-HERRERA, also known as Felix
Eliseo Rodriguez-Herrera, also known as Eliseo
Rodriguez, also known as Eliseo Herrera
Rodriguez, also known as Tomas Torres, also
known as Pedro Rodriguez

                                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-387 -1
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Eliseo Rodriguez-Herrera pleaded guilty to illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Because he had been previously deported after an aggravated felony, Rodriguez was sentenced to 79 months' imprisonment pursuant to 8 U.S.C. § 1326(b)(2). Rodriguez challenges the sufficiency of his indictment on three grounds.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez argues that the indictment failed to allege that he had committed any criminal act because it charged only a passive "status crime" of having been found in the United States without permission. This argument is foreclosed by the court's recent decision in United States v. Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir. 2000), cert. denied, 121 S. Ct. 670 (2000).

He also argues that the indictment was insufficient because it failed to allege any specific criminal intent. He raises the issue only to preserve it for possible Supreme Court review, however, and concedes that his argument is foreclosed. See United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir.), cert. denied, 528 U.S. 979 (1999).

Rodriguez also argues that the indictment was insufficient because it failed to allege general intent. This court's recent decision in United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000), disposes of the issue. The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Rodriguez's reentry was a voluntary act in view of the allegations that he had been excluded, deported, and removed, and that he was present without having obtained the Attorney General's consent. Under Guzman-Ocampo, the indictment was statutorily sufficient, and Rodriguez does not contend that his reentry was involuntary.

The conviction is AFFIRMED.