IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21100
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANTONIO PALACIOS, also known as
Luis A. Castro-Palacios, also known as
Juan Ramon Palacios-Palacios,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-108-ALL
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Palacios appeals his conviction following a
guilty plea for illegal presence in the United States in
violation of 8 U.S.C. § 1326.  He argues for the first time on
appeal that the indictment was defective because it failed to
allege specific intent, general intent, or an actus reus.
Palacios acknowledges that the specific-intent issue is
foreclosed and that he raises the issue on appeal only to
preserve it for Supreme Court review.  All of Palacios'

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contentions on appeal are foreclosed by controlling Fifth Circuit precedent. *See United States v. Guzman-Ocampo*, 236 F.3d 233, 237-39 (5th Cir. 2000)(finding sufficient an indictment's allegations of general intent); *United States v. Tovias-Marroquin*, 218 F.3d 455, 456-57 (5th Cir.)(holding that § 1326 does not establish a status offense that improperly punishes defendant in absence of an actus reus), *cert. denied*, 121 S. Ct. 670 (2000); *United States v. Trevino-Martinez*, 86 F.3d 65, 68-69 (5th Cir. 1996)(holding that § 1326 does not require proof of specific intent). Accordingly, Palacios' conviction and sentence are AFFIRMED.