IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20141
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GERARDO MIRAMONTES-MARISCAL,
also known as Gerardo Miramontes,
also known as Geraldo M. Miramontes,
also known as Gerando Miramontes
Mariscal, also known as Buddy
Miramontes, also known as Gerardo M.
Miramontes, also known as Buddy,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-516-ALL
- - - - - - - - - -
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Gerardo Miramontes-Mariscal appeals from his guilty plea

conviction and sentence for illegal reentry by a previously

deported alien in violation of 8 U.S.C. § 1326(b).  First,

Miramontes-Mariscal argues that the indictment failed to allege

that he had committed any act in violation of 8 U.S.C. § 1326

because the indictment had passively alleged only that he had

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

been found in the United States without permission.  This argument is foreclosed by the court's recent decision in <u>United States v. Tovias-Marroquin</u>, 218 F.3d 455, 456-57 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 670 (2000).

Next, Miramontes-Mariscal argues that the indictment was insufficient because it failed to allege any specific intent element.  He concedes, however, that this argument is foreclosed by <u>United States v. Ortegon-Uvalde</u>, 179 F.3d 956, 959 (5th Cir.), <u>cert. denied</u>, 528 U.S. 979 (1999), and he raises the issue only to preserve it for possible Supreme Court review.

Finally, Miramontes-Mariscal argues that the indictment was insufficient because it failed to allege any <u>mens rea</u>.  This court's recent decision in <u>United States v. Berrios-Centeno</u>, ___ F.3d ___ (5th Cir. Apr. 27, 2001, No. 00-20373), 2001 WL 435494, is dispositive.  The instant indictment fairly conveyed that Miramontes-Mariscal's presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General.

Accordingly, the judgment of conviction is AFFIRMED.