IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20110
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR URIBE-GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-435
--------------------
June 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor Uribe-Guerrero (Uribe) appeals his conviction and sentence following a guilty plea for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He argues that his indictment was defective because it failed to allege specific intent, general intent, or an actus reus. Uribe's arguments challenging his indictment are foreclosed by controlling Fifth Circuit precedent. United States v. Berrios-Centeno, No. 00-20373, 2001 WL 435494, *2-4 (5th Cir. Apr. 27, 2001) (reviewing de novo challenge to indictment charging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense under 8 U.S.C. § 1326 and holding indictment's allegations of general intent sufficient); United States v. Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir.) (holding that 8 U.S.C. § 1326 does not establish a status offense that improperly punishes defendant in absence of an actus reus), cert. denied, 121 S. Ct. 670 (2000); United States v. Trevino-Martinez, 86 F.3d 65, 68-69 (5th Cir. 1996)(holding that 8 U.S.C. § 1326 does not require proof of specific intent).

Uribe also contends that his three 1990 cocaine convictions are "related" for purposes of U.S.S.G. § 4A1.2(a)(2) and that the district court erred in assigning to him nine criminal history points for the three convictions. The district court did not abuse its discretion in finding that Uribe's offenses were not related for purposes of U.S.S.G. § 4A1.2(a)(2). See Buford v. United States, 121 S. Ct. 1276, 1276-81 (2001).

Uribe's conviction and sentence are AFFIRMED.