IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20078
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ERNESTO MARTINEZ-LOZANO, also known as Carlos Arturo
Medrano, also known as Mario Ernesto Martinez, also known as
Mario Hernesto Lozano-Martinez, also known as Mario Alberto
Martinez,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-475-1
- - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Mario Ernesto Martinez-Lozano appeals his guilty plea
conviction and sentence for illegal reentry into the United
States by a previously deported alien in violation of 8 U.S.C.
§ 1326(a), (b)(2). First, Martinez argues that his indictment
was insufficient because it failed to allege an <u>actus</u> <u>rea</u> and
instead accused him of only the status of being a previously
deported alien present in the United States. This argument is
foreclosed by the court's recent decision in <u>United States v.</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir.), cert. denied, 121 S. Ct. 670 (2000).

Next, Martinez argues that his indictment was insufficient because it failed to allege a specific intent element. He concedes, however, that this argument is foreclosed by United States v. Trevino-Martinez, 86 F.3d 65, 68-69 (5th Cir. 1996), and he raises the issue to preserve it for possible Supreme Court review.

Finally, Martinez argues that his indictment was insufficient because it failed to allege general intent or any mens rea. This court's recent decision in United States v. Berrios-Centeno, 250 F.3d 294 (5th Cir. 2001), is dispositive. Martinez's indictment sufficiently alleged the general intent required for an 8 U.S.C. § 1326 offense, as it fairly conveyed that Martinez's presence in the United States was a voluntary act by alleging that he had been excluded, deported, and removed from the United States, but was subsequently found present in the United States without the Attorney General's consent. See Berrios-Centeno, 250 F.3d at 298-300.

The district court's judgment is AFFIRMED.