IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20094
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUSTAVO SANCHEZ-RIVERA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-479-1
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

    Gustavo Sanchez-Rivera argues that the indictment failed to allege any acts on his part showing a general intent to illegally reenter the United States. General intent to reenter the United States is analogous to a voluntary act by the defendant, and "may be inferred by the fact that a defendant was previously deported . . . and subsequently found in the United States, without consent." See United States v. Berrios-Centeno, 250 F.3d 294, 299 (5th Cir. 2001) (internal quotations and citations omitted). The indictment, charging that Sanchez was deported, removed from

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States, and was subsequently found present in the United States without obtaining permission to reapply, reflected that Sanchez's presence in this country was a voluntary act. Thus, the indictment sufficiently alleged the general intent mens rea required to charge an offense under 8 U.S.C. § 1326(a), (b).

Sanchez argues in the alternative that the indictment was fatally defective because it did not allege a specific intent element. Sanchez concedes that this argument is foreclosed by this court's precedent. See United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir.), cert. denied, 528 U.S. 979 (1999). However, Sanchez wishes to preserve the issue for review by the United States Supreme Court.

Sanchez also argues that the indictment is fatally defective because it fails to allege that he committed any act in violation of 8 U.S.C. § 1326 or any act at all. He argues that if 8 U.S.C. § 1326 authorizes prosecution for his mere presence, it is an unconstitutional status offense.

This argument was rejected in United States v. Tovias-Marroquin, 218 F.3d 455, 456-57 (5th Cir.), cert. denied, 121 S. Ct. 670 (2000), which held that the circumstance of being "found in" the United States requires the defendant to do the act of reentering without permission after being deported. Thus, 8 U.S.C. § 1326 does not punish a defendant in the absence of the commission of an act.

AFFIRMED.