IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20729
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD IGNACIO LAZO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-233-1
--------------------
August 23, 2001

Before KING, Chief Judge, POLITZ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ronald Ignacio Lazo appeals his conviction for one count of illegal reentry after deportation.  He first argues that his indictment was insufficient because it did not allege that he committed a voluntary act.  This argument is foreclosed by United States v. Tovias-Marroquin, 218 F.3d 455 (5th Cir.), cert. denied, 121 S. Ct. 670 (2000).  He next contends that his indictment was insufficient because it did not allege general intent.  This argument is foreclosed by United States v. Berrios-Centeno, 250 F.3d 294 (5th Cir. 2001).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lazo also contends that his indictment was insufficient because it did not allege specific intent. He concedes that this argument is foreclosed by <u>United States v. Ortegon-Uvalde</u>, 179 F.3d 956, 959 (5th Cir.), <u>cert. denied</u>, 528 U.S. 979 (1999). He raises the issue only to preserve it for further review.

Lazo's final contention is that the aggravated-felony conviction that resulted in his increased sentence under § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Lazo concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Lazo has not shown any error on the part of the district court. Accordingly, the judgment of that court is AFFIRMED.