IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-21086
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS GUERRERO-SUAREZ,
also known as Leonel Jiminez Alvarez,
also known as Juan Guerrero,
also known as Juan C. Guerrero,
also known as Juan Carlos Guerrero,
also known as Juan Martinez Guerrero,
also known as Juan Soto,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-402-1
- - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Guerrero-Suarez appeals from his guilty-plea
conviction for illegal reentry by a previously deported alien in
violation of 8 U.S.C. § 1326(b). Guerrero-Suarez argues that the
indictment was insufficient because it failed to allege any
specific-intent element. He concedes, however, that this
argument is foreclosed by United States v. Ortegon-Uvalde, 179

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 956, 959 (5th Cir.), <u>cert. denied</u>, 528 U.S. 979 (1999), and

<u>United States v. Trevino-Martinez</u>, 86 F.3d 65, 68 (5th Cir.

1996).  He raises the issue only to preserve it for possible

Supreme Court review.

Next, Guerrero-Suarez avers that his indictment was

defective for charging him with a prohibited status offense.

This argument is foreclosed by our decision in <u>United States v.</u>

<u>Tovias-Marroquin</u>, 218 F.3d 455, 456-57 (5th Cir.), <u>cert. denied</u>,

121 S. Ct. 670 (2000).

Finally, Guerrero-Suarez contends that the indictment was

insufficient because it failed to allege any <u>mens</u> <u>rea</u>.  This

court's recent decision in <u>United States v. Berrios-Centeno</u>, 250

F.3d 294, 298-300 (5th Cir. 2001), is dispositive.  The instant

indictment fairly conveyed that Guerrero-Suarez's presence was a

voluntary act from the allegations that he was deported, removed,

and subsequently present without consent of the Attorney General.

Accordingly, the judgment of conviction is AFFIRMED.