IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21143
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAZAR RAMOS-FLORES, also known as Eleazar Ramos-Flores,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-440-1
- - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Eliazar Ramos-Flores appeals his guilty-plea conviction and sentence for illegal reentry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326(a), (b)(2).  First, Ramos argues that his indictment was insufficient because it failed to allege an <u>actus</u> <u>rea</u> and instead accused him of only the status of being a previously deported alien present in the United States.  This argument is foreclosed by the court's recent decision in <u>United States v. Tovias-Marroquin</u>, 218 F.3d 455, 456-57 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 670 (2000).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Next, Ramos argues that his indictment was insufficient because it failed to allege a specific intent element. He concedes, however, that this argument is foreclosed by <u>United States v. Trevino-Martinez</u>, 86 F.3d 65, 68-69 (5th Cir. 1996), and he raises the issue to preserve it for possible Supreme Court review.

Finally, Ramos argues that his indictment was insufficient because it failed to allege general intent or any <u>mens</u> <u>rea</u>. This court's recent decision in <u>United States v. Berrios-Centeno</u>, 250 F.3d 294 (5th Cir. 2001), is dispositive. Ramos' indictment sufficiently alleged the general intent required for an 8 U.S.C. § 1326 offense, as it fairly conveyed that Ramos' presence in the United States was a voluntary act by alleging that he had been deported and removed from the United States, but was subsequently found present in the United States without the Attorney General's consent. <u>See</u> <u>Berrios-Centeno</u>, 250 F.3d at 298-300.

The district court's judgment is AFFIRMED.