PAUL KELLY, JR., Circuit Judge,
concurring.
The district court instructed the jury on the third element that “defendant was found in Sedgwick County, Kansas on or about August 31, 2009,” although Mr. Sierra-Ledesma requested an instruction that “the defendant knowingly was found in the United States on the date alleged in the indictment.” In pertinent part, the Tenth Circuit Pattern Jury Instruction 2.05 (2005) then required that “the defendant knowingly was found in the United States.”
The 2005 instruction on the elements appears similar to the Fifth Circuit Pattern Jury Instruction 2.05 (2001) which required: “That thereafter the defendant knowingly was found in the United States.” In United States v. Hernandez- *1228 Hernandez, 519 F.3d 1236, 1239, 1239-40 n. 4 (10th Cir.2008), we expressed doubt about the “knowingly was found” formulation but concluded that any mens rea could be satisfied by a showing that the defendant intended to do the act of entering the country. Id. (citing United States v. Martinez-Morel, 118 F.3d 710, 717 (10th Cir.1997)). Thus, it seems apparent that an instruction that “the defendant was found in the United States having re-entered voluntarily” would suffice and ensure that a defendant could not be convicted “if he crossed the border involuntarily.” See United States v. Guzman-Ocampo, 236 F.3d 233, 237 (5th Cir.2000); United States v. Quintana-Torres, 224 F.3d 1157, 1159 (9th Cir.2000).
Thus, the statement in the commentary to the 2011 Pattern Jury Instruction 2.05 that the “knowingly” element does not pertain to being found in the United States, while literally correct given the prior formulation, should be supplemented with the explanation that the defendant must have re-entered voluntarily (or the like). See Guzman-Ocampo, 236 F.3d at 238-39; United States v. Tovias-Marroquin, 218 F.3d 455, 457-58 (5th Cir.2000); 11th Cir. Pattern Jury Instruction 97 (2010) (“the Defendant [knowingly reentered] [was found to be voluntarily back in the United States]”); 9th Cir. Pattern Jury Instruction 9.8 (2010) (“thereafter, the defendant voluntarily entered the United States”). I agree with the court that the failure to so instruct was harmless error.